IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA C. CRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-1372-F |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner, Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Ms. Angela Crick applied for supplemental security income based on an alleged disability. Administrative Record at pp. 83-88 (certified Dec. 7, 2011) ("Record"). The Social Security Administration denied the application,[1] prompting Ms. Crick to initiate the present action and allege error at step five. The Court should reverse the administrative decision and order a remand for further findings.

I.  STANDARD OF REVIEW

The Court must determine whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Reversal is necessary if the agency had failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been

---

[1]   Record at pp. 6-8, 16-27, 47, 49.

followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

## II.   ASSESSMENT OF MS. CRICK'S RESIDUAL FUNCTIONAL CAPACITY

The administrative law judge found in part that Ms. Crick could perform "light" work with restrictions on her ability to concentrate, carry out instructions, complete tasks, and interact with others. Record at p. 19. The judge also appeared to confine Ms. Crick to unskilled work.[2]

## III.   ERROR AT STEP FIVE

As the Plaintiff argues, the administrative law judge erred by a failure to ask the VE about potential inconsistencies between her testimony and the Dictionary of Occupational Titles ("DOT").

### A.   The Step Five Determination

The VE testified that the Plaintiff could fulfill the job demands of a welding worker, inspector, tester,[3] and assembler and observed that all of these occupations were unskilled. *Id.* at pp. 43-44. But the VE did not identify the jobs by reference to a numeric code in the DOT. *See id.*

---

[2]   *See* Record at pp. 27-28 (the judge's statement that he had questioned the vocational expert ("VE") to determine the extent that Ms. Crick's limitations would have "erode[d] the unskilled light occupational base").

[3]   *See infra* p. 7 (noting ambiguity about whether the administrative law judge and VE were referring to "inspecting" and "testing" as one job or two).

At step five, the administrative law judge adopted the VE's testimony concerning these jobs and concluded that the Plaintiff was not disabled. *Id.* at p. 27. The judge added that the VE's testimony was consistent with the jobs as listed in the DOT. *Id.* However, no evidence existed for this remark.

B.     The Required Procedure at Step Five

When the administrative law judge relies on vocational testimony, he must question the VE about potential conflicts with the DOT. *See* Social Security Ruling 00-4p, *Policy Interpretation Ruling: Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions*, 2000 WL 1898704, Westlaw op. at 4 (Dec. 4, 2000).[4] If a conflict exists, the judge must obtain a reasonable explanation for the apparent conflict. *See id.*[5]

C.     Potential Need to Identify DOT Job Codes

The VE identified potential jobs that Ms. Crick could perform, but the expert did not cite a DOT entry for any of the positions. *See supra* p. 2. The parties disagree on the importance of this omission, with the Plaintiff stating that the administrative law judge must identify the DOT codes and the Defendant stating the opposite. The Western District of

---

[4]     Social security rulings are binding on the administrative law judge. *See Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993) ("The [Social Security Administration's] rulings are binding on an [administrative law judge]." (citation omitted)).

[5]     *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("the [administrative law judge] must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the [administrative law judge] may rely on the expert's testimony as substantial evidence to support a determination of nondisability").

Oklahoma has issued conflicting opinions on the requirement for specific job codes,[6] but the Court need not resolve the disagreement here because the administrative law judge would have erred under either approach.

> D. Failure to Inquire About a Potential Discrepancy

The administrative law judge did not conduct the required inquiry about possible conflicts between the VE testimony and the DOT. *See supra* p. 3. Thus, even the Defendant does not question the existence of an error. Instead, the Defendant argues that the judge's failure was harmless. The undersigned disagrees.

In certain instances, a failure to ask the VE about potential inconsistencies can constitute harmless error. For example, in *Poppa v. Astrue*, 569 F.3d 1167 (10th Cir. 2009), the Tenth Circuit Court of Appeals held that the omission was harmless because no actual conflict existed between the VE testimony and the DOT. *Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009). There the VE stated that an individual could perform two jobs, and the expert gave DOT codes for both positions. *Id.* With the benefit of these job codes, the appeals court was able to compare the VE's testimony with the occupations as listed in the DOT. When the court conducted this comparison, it concluded that there were no conflicts between the VE's testimony and the DOT. *Id.* at 1174. Without any such conflicts, the court

---

[6] *Compare Peisley v. Astrue*, 2010 WL 455182, Westlaw op. at 1, 5 (W.D. Okla. Jan. 22, 2010) (unpublished op.) (holding that the administrative law judge need not solicit vocational testimony for "the DOT numbers for specific jobs or occupations he finds a claimant is capable of performing"), *with Parker v. Astrue*, 2010 WL 1490056, Westlaw op. at 4-5 (W.D. Okla. Mar. 22, 2010) (unpublished report and recommendation by magistrate judge, "requiring identification of specific DOT jobs rather than categories of jobs"), *adopted*, 2010 WL 1490062 (W.D. Okla. Apr. 13, 2010) (unpublished order by district judge).

concluded that the failure to ask about potential inconsistencies would have been harmless. *Id.*

The Court cannot conduct a similar comparison here because the VE did not identify the job codes for occupations as a welding worker, inspector, tester, or assembler. *See supra* p. 2. Without the codes, the Court cannot determine which of the DOT entries had corresponded to the jobs identified by the VE.

An illustration exists with the VE's testimony about work as an "assembler." *See supra* pp. 2-3. The VE did not identify a job code, and there are fifteen "assembler" jobs listed in the DOT.[7] Nine of these jobs involve strengths and skills[8] that exceed those enjoyed by Ms. Crick.[9] If the administrative law judge was referring to one of the nine DOT jobs, a

---

[7]    DOT 369.687-010, 700.684-014, 706.361-010, 715.381-010, 722.381-010, 731.687-010, 732.684-014, 733.685-010, 734.687-014, 734.687-018, 737.687-010, 754.684-010, 762.684-010, 781.667-010, 869.684-010 (4th ed. revised 1991).

[8]    The DOT rates skills by a designation that measures the level of specific vocational preparation ("SVP"). The Social Security Administration translates these ratings to skill level, with an SVP of 1-2 as unskilled, an SVP of 3-4 as semi-skilled, and an SVP of 5-9 as skilled. *See* Social Security Ruling 00-4p, *Policy Interpretation Ruling: Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions*, 2000 WL 1898704, Westlaw op. at 3 (Dec. 4, 2000).

[9]    DOT 369.687-010 (semi-skilled work as an assembler), 700.684-014 (semi-skilled work as an assembler), 706.361-010 (medium work as an assembler), 715.381-010 (skilled work as an assembler), 722.381-010 (skilled work as an assembler), 732.684-014 (semi-skilled work as an assembler), 754.684-010 (medium, semi-skilled work as an assembler), 762.684-010 (medium, semi-skilled work as an assembler), 869.684-010 (medium, semi-skilled work as an assembler) (4th ed. revised 1991); *see supra* p. 2 (discussing the administrative law judge's findings on Ms. Crick's strength level and mental limitations).

potential conflict would have existed with the VE testimony. But the Court does not know which job the VE was referring to because she did not identify the DOT entry and fifteen possibilities existed.

The VE and administrative law judge also relied on the ability to perform the demands of a "welding worker." *See supra* pp. 2-3. For this job, the Plaintiff — and the Court — can only speculate about the corresponding job in the DOT because that document does not contain an entry for a "welding worker." The document does refer to work as a "welding technician" and "welding engineer." *See* DOT 011.261-014 (welding technician), 011.061-026 (welding engineer) (4th ed. revised 1991). But the DOT descriptions for these jobs would involve skills that Ms. Crick does not have.[10] Thus, if the VE was referring to work as a "welding technician" or "welding engineer," a potential discrepancy would exist with the DOT. But again, the Court cannot say — one way or the other — because the VE did not identify the job codes and the DOT does not contain an entry for "welding workers."

The VE also relied on work as "inspectors and testers,"[11] and the administrative law judge relied on a single job as "inspector tester."[12] Again, the Plaintiff — and the Court —

---

[10]　*See* DOT 011.261-014 (skilled work as a welding technician), 011.061-026 (skilled work as a welding engineer) (4th ed. revised 1991); *see also supra* p. 2 (discussing the findings on Ms. Crick's mental abilities).

[11]　Record at pp. 43-44; *see supra* p. 2.

[12]　Record at p. 27.

potential conflict would have existed with the VE testimony. But the Court does not know which job the VE was referring to because she did not identify the DOT entry and fifteen possibilities existed.

The VE and administrative law judge also relied on the ability to perform the demands of a "welding worker." *See supra* pp. 2-3. For this job, the Plaintiff — and the Court — can only speculate about the corresponding job in the DOT because that document does not contain an entry for a "welding worker." The document does refer to work as a "welding technician" and "welding engineer." *See* DOT 011.261-014 (welding technician), 011.061-026 (welding engineer) (4th ed. revised 1991). But the DOT descriptions for these jobs would involve skills that Ms. Crick does not have.[10] Thus, if the VE was referring to work as a "welding technician" or "welding engineer," a potential discrepancy would exist with the DOT. But again, the Court cannot say — one way or the other — because the VE did not identify the job codes and the DOT does not contain an entry for "welding workers."

The VE also relied on work as "inspectors and testers,"[11] and the administrative law judge relied on a single job as "inspector tester."[12] Again, the Plaintiff — and the Court —

---

[10]　*See* DOT 011.261-014 (skilled work as a welding technician), 011.061-026 (skilled work as a welding engineer) (4th ed. revised 1991); *see also supra* p. 2 (discussing the findings on Ms. Crick's mental abilities).

[11]　Record at pp. 43-44; *see supra* p. 2.

[12]　Record at p. 27.

can only guess which DOT entries would have corresponded to the jobs relied upon by the VE and administrative law judge.

For example, the judge's reference to "inspector tester" suggests a single job as "inspector" and "tester." For this job, there is only one DOT entry with both "inspector" and "tester" in the title: DOT 624.361-010. That position involves skilled work with a "medium" residual functional capacity, and both would exceed the Plaintiff's capabilities as assessed by the administrative law judge. *See* DOT 624.361-010 (4th ed. revised 1991); *see also supra* p. 2 (discussing the findings on Ms. Crick's strength level and mental abilities).

The VE referred to work as "[i]nspectors and testers." Record at pp. 43-44; *see supra* pp. 2, 6. This reference suggests two different jobs, "inspector" and "tester," and the DOT contains many references to both. For example, the DOT includes five listings with the title, "Tester."[13] And there are nineteen DOT entries for a job entitled "Inspector."[14] Twenty-one of the DOT jobs as an "inspector" or "tester" are medium or heavy, rather than light, and would require skill levels beyond those enjoyed by the Plaintiff.[15] Again, the Court cannot

---

[13]    *See* DOT 011.361-010, 029.261-22, 730.684-086, 774.687-026, 899.487-010 (4th ed. revised 1991).

[14]    DOT 369.687-022, 529.687-114, 549.367-010, 559.381-010, 559.387-014, 612.261-010, 619.381-010, 649.487-010, 700.687-034, 709.587-010, 709.687-022, 727.687-062, 729.387-022, 732.684-130, 733.687-042, 769.687-026, 776.667-010, 784.387-010, 788.384-010 (4th ed. revised 1991).

[15]    *See* DOT 774.687-026 (heavy work as a tester), 011.361-010 (skilled work as a tester), 029.261-022 (skilled work as a tester), 730.684-086 (skilled work as a tester), 369.687-022 (semi-skilled work as an inspector), 549.367-010 (medium work as an inspector), 559.381-010 (skilled work as an inspector), 559.387-014 (semi-skilled work as an inspector), 612.261-010 (medium, skilled work as an inspector), 619.381-010 (skilled work as an inspector), 649.487-010 (semi-skilled

tell which DOT entry involved the "inspector" or "tester" job discussed by the VE because she did not identify the job code. Thus, the Court can only speculate about which of the DOT entries had corresponded to the "inspector/tester" job(s) discussed by the VE. Such speculation would be necessary to determine whether there was an inconsistency between the VE and the DOT on the job(s) as "inspector/tester."

The Tenth Circuit Court of Appeals addressed a similar issue in *Carpenter v. Astrue*, 537 F.3d 1264 (10th Cir. 2008). The appeals court ordered remand at step three, but noted in *dicta*:

> [The plaintiff] correctly asserts the VE identified categories of jobs rather than specific jobs in the Dictionary of Occupational Titles (DOT), and neither the [administrative law judge] nor the VE considered all of the requirements of any particular job. The [administrative law judge] is obligated to explain conflicts between a VE's testimony and a job description in the DOT, however, and therefore must elicit enough vocational evidence for this court to determine whether there is a conflict.

*Carpenter v. Astrue*, 537 F.3d 1264, 1270-71 (10th Cir. 2008) (citation omitted).

Although *dicta*, the statement in *Carpenter* is persuasive. *See Humphrey's Ex'r v. United States*, 295 U.S. 602, 627 (1935) (stating that "dicta" "may be followed if sufficiently persuasive"). As in *Carpenter*, the administrative law judge did not elicit enough information from the VE to determine whether her testimony had conflicted with the DOT.

---

work as an inspector), 700.687-034 (semi-skilled work as an inspector), 709.587-010 (semi-skilled work as an inspector), 709.687-022 (semi-skilled work as an inspector), 729.387-022 (semi-skilled work as an inspector), 732.684-130 (semi-skilled work as an inspector), 733.687-042 (semi-skilled work as an inspector), 769.687-026 (semi-skilled work as an inspector), 776.667-010 (semi-skilled work as an inspector), 784.387-010 (semi-skilled work as an inspector), 788.384-010 (medium, skilled work as an inspector) (4th ed. revised 1991); *see also supra* p. 2 (discussing the findings on Ms. Crick's strength and skill levels).

As a result, the Court cannot regard the error as harmless[16] and should reverse and remand for further findings.

IV.   NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court.  *See* 28 U.S.C.A. § 636(b)(1) (2011 supp.).  The deadline for objections is June 22, 2012.  *See* Fed. R. Civ. P. 6(d), 72(b)(2).  The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

V.   STATUS OF THE REFERRAL

The referral is discharged.

Entered this 5th day of June, 2012.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[16]   *See Griffith v. Astrue*, 2008 WL 2557606, Westlaw op. at 1, 3 (W.D. Okla. June 20, 2008) (unpublished op.) ("Absent specific testimony from the VE as to whether this Plaintiff's [residential functional capacity] . . . would rise to the DOT's exertional level required for the jobs identified, this case defies judicial review.").